UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. MJ 08-583 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| JOSEPH RICHARD KALAC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>Offense charged</u>: Possession of Cocaine, with Intent to Distribute; Possession of a Firearm during a Drug Trafficking Crime; Felon in Possession of a Firearm

<u>Date of Detention Hearing</u>: January 8, 2009

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1. Defendant has been charged with a drug offense the maximum penalty of which

is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. §3142(e).

2. Defendant has a lengthy criminal history with multiple failures to appear and bench warrant activity. Although he recently completed inpatient drug treatment, he has a history of treatment and relapse. He is associated with four alias names, three Social Security numbers and two dates of birth. The alleged firearm use associated with the instant charges would indicate, if proven, an escalation in the nature of defendant's criminal history.

3. Defendant poses a risk of nonappearance based on previous failures to appear and failures to abide by court orders, a history of substance abuse and association with multiple personal identifiers. He poses a risk of danger due based on criminal history and the nature of the instant offense.

4. Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 8th day of January, 2009.

Mary Alice Theiler
United States Magistrate Judge